IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ARTURO BASTIDAS                                                                                    PLAINTIFF

V.                                               4:13CV00566 JMM

HOME DEPOT                                                                                         DEFENDANT

## ORDER

Pending is Home Depot's Motion to Dismiss.  Plaintiff has responded to the motion and Home Depot has relied.

In the motion, Home Depot argues that Plaintiff's claim is time-barred because he did not file his Complaint within 90 days of receiving his right to sue letter from the EEOC.  In response, Plaintiff argues that the 90-day time period should begin on the date he received a denial letter from the EEOC in response to his request for reconsideration of his Charge. Plaintiff further argues that his time should be equitably tolled because he was out of town when the EEOC's right to sue letter was delivered to his address and because the EEOC letter contained flaws. Finally, Plaintiff argues that his time should be equitably tolled because he acted in good faith and with diligence in filing his Complaint.

Plaintiff's arguments have been considered and rejected.  See *Anderson v. Unisys Corp.,* 47 F.3d 302, 308 (8th Cir. 1995) ("the failure of those plaintiffs to file suit within ninety days after the receipt of their right-to-sue letters precludes them from joining . . . suit."); *Williams v. Thomson Corp.,* 383 F.3d 789, 791 (8th Cir. 2004) ("a party who has a complaint pending with the EEOC has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address");  *Hill v. John Chezik Imports,* 869 F.2d 1122, 1124 (8th Cir. 1989) ("Courts have generally reserved the

remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff."). "Equitable tolling is an exceedingly narrow window of relief. Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Gaither v. Arkansas Foundation for Medical Care,* 2013 WL 680688, 3 (E.D.Ark. 2013) (quoting *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Plaintiff's claim is time-barred for his failure to file his Complaint within ninety days of his receipt of the EEOC Determination and Notice of Right to Sue. *See* 29 U.S.C.A. § 626(e).

For these reasons, Home Depot's Motion to Dismiss (ECF No. 26) is GRANTED. Plaintiff's Motion to Produce (ECF No. 32) is MOOT. The Clerk is directed to close the case.

IT IS SO ORDERED this 7th day of March, 2014.

James M. Moody
United States District Judge